UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jacob Morgan,<br><br>            Plaintiff,<br><br>    v.<br><br>Federal Express Corporation,<br><br>            Defendant. | Case No. 2:25-cv-00308-RFB-DJA<br><br>**Order<br>and<br>Order to Show Cause** |

       Pro se Plaintiff Jacob Morgan has filed a late application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 6). On March 25, 2025, the Court noted that Plaintiff had not provided sufficient information on his application to proceed *in forma pauperis* and so denied the application. (ECF No. 4). The Court then gave Plaintiff until April 24, 2025, to file an updated application, explaining that "[f]ailure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed." (*Id.*).

       Now, nearly four months later, Plaintiff has filed a renewed application to proceed *in forma pauperis*. (ECF No. 6). But he has not moved to extend the Court's deadline for him to file this renewed application. And he has not provided any explanation about why his application is late. Additionally, even if the Court were to consider Plaintiff's application, it still contains contradictory information. So, the Court denies Plaintiff's application to proceed *in forma pauperis* without prejudice and will give Plaintiff one more opportunity to file one. The Court will also order Plaintiff to show cause why he missed the Court's prior deadline to file an application.

**I.**     <u>***In forma pauperis*** **application.**</u>

       Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized

that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Here, Plaintiff's application is incomplete. In response to question two, which asks for Plaintiff to identify his employer and how much he makes from employment and other sources, Plaintiff fails to identify his employer. This is despite the fact that he claims to make $5,863.31 weekly in gross pay or wages.

Plaintiff also indicates that his take home wages are $8.75 per week. But he provides no indication on his application why he makes such a high amount per week but only takes home $8.75. Plaintiff's response to question six, which asks for monthly expenses, does not answer this question because Plaintiff reports paying about $413.40 in monthly expenses.

Finally, in response to question seven, Plaintiff lists four individuals who are dependent upon him for support. But Plaintiff does not provide his relationship with each person. Nor does he indicate how much he contributes to their support.

The Court will give Plaintiff one more opportunity to file a complete *in forma pauperis* application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must correct the issues outlined above.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**II.     Order to show cause.**

The Court will also require Plaintiff to show cause why he missed the Court's April 24, 2025, deadline to file his renewed application to proceed *in forma pauperis*. Plaintiff must respond to this order on or before September 24, 2025. In that response, Plaintiff must explain why he missed the Court's deadline.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **September 24, 2025,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

///

///

///

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

**IT IS FURTHER ORDERED** that Plaintiff must file a response to this order on or before **September 24, 2025,** and show cause why he missed the Court's April 24, 2024, deadline for him to file his renewed application to proceed *in forma pauperis.*

DATED: August 25, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.